The Honorable Defector of the United States Court appeals to the Fourth Circuit. O-E-A, O-E-A, O-E-A. All persons having a name, manner, or form of business of the Honorable United States Court of Appeals to the Fourth Circuit are admonished to draw nigh with their attention to the court of evidence. I say to the United States and this Honorable Court. Good morning. Please be seated. We are ready for argument in our first case. Mr. Brown. Thank you. If it pleases the Honorable Court, my name is Richard Brown. I'm from the Western District of North Carolina and I represent Jose Bercian-Flores in this matter. What brings us here today is the defendant objected to a 12-point enhancement on the PSR, on the pre-sentence report. That enhancement alleged that he had been convicted of a prior felony. Now the issue in question here is whether that prior conviction, it was of an alien smuggling offense, qualifies as a felony under the mandatory or even the advisory guidelines. We get the answer to this question, I believe, by first quoting Caraturi when it says we must first start at the conviction itself. He was convicted of transporting an alien. He pled guilty to this in 1997, in May of 1997, and as we know at that time the guidelines were indeed mandatory. But when you start at the conviction, don't we start then with the statute and look to the statute to see what the potential sentence is? We can do that as well, Your Honor. I believe that... And when we do that, then the potential sentence was a felony. Potentially it was a felony. However, my argument is before you get to that potential, certain requirements must come in place. And that's kind of the gist of my argument. The court sentenced him to 107 days, but it first made a guideline determination of zero to six months. The court further went on to state in its judgment that the court finds no reason to depart from the guideline range. Mr. Brown, your position sounds very reasonable, but I think you're going to have to square away the case of Rodriguez, in which the Supreme Court essentially said to the effect that a maximum term for a prisoner prescribed by law is not the top sentence in the guideline range. In essence, it's saying you can't look at the guidelines. That doesn't determine the range, it's determined by the statute. In order for you to prevail here, as I understand it, you've got to have us look at these maximum guidelines, not the statutory penalty. Yes, sir. I agree. And my response to that is this. There are certain procedural requirements that are in place before you can get to that maximum, even under the statute. I'm sorry. Are you referring to the assessments inherent in the 3553A analysis? What procedural requirements? And if I interrupted you, because that's where you're going, please go ahead. Okay, thank you. I think what the court has to do first, before it even gets the potential to get to the maximum in the statute, is first come up with a guideline range, and then make findings of fact that may warrant an upward departure as high as the maximum. I think we may be asking the same thing. But doesn't that conflate the statutory maximum and the guideline maximum? Because all that was necessary to determine the statutory maximum was the conviction. I believe that what you have to do before you are even authorized to give the amount in the statutory maximum is first look at the guideline range. Now, after the court makes a finding, these are the procedural requirements, after the court makes a finding of what the guideline range is, if that guideline range is below one year, of course, the court can then make findings of fact and find factors that may warrant an upward departure. My argument is this. If the court does not first make findings of fact, and if the court does not find factors that warrant a departure, then the court does not then have the authority to move up to the maximum in the statute. The authority to get to the maximum in the statute must first come from the procedural requirements of following the appropriate steps. For example, if this court were to hear a case where a defendant guideline range was zero to six months, and the lower court said, well, I'm going to sentence you to two years. If the lower court did not make findings of fact or list the factors why it was departing, that case would be appealed and come to this court. And without being presumptuous, I believe that this court would tell that lower court you didn't have the authority to do that because you did not first adhere to the procedural requirements. Therefore, if the procedural requirements of finding the factors that warrant a departure are not in place, then the court does not have the authority to move up to the highest sentence in the statute. It's kind of an if-then argument, if you will. requirements are in place, then the court may move forward and punish beyond one year, or the court may then depart upwardly. If the procedural requirements are not in place, then the court does not have the authority to punish at the maximum term by the statute. The maximum term by the statute, is my argument, is not a term where a district court judge, if you will, can run wild and say, I'm giving you the maximum without any other comment. They can't do that. In the case at Barr, the court did not make findings of fact that warranted a departure. And you have to make findings of fact. In fact, the court went as far as to actually say, we find no reason to move forward. If there are not those findings of fact, the court was not authorized. And if the court was not authorized, then the crime is not punishable by one year because the court is not authorized to make that punishment. The problem, and I think your argument is reasonable, but again, going back to Rodriguez, in which the focus there, that was a mandatory guidelines type case. It would seem to me, and I'm just trying to fashion out where your argument is going, that in light of Simmons, you're essentially going to have to establish that these guidelines are roughly the equivalent of the North Carolina Structural Center guidelines, act type. And I don't know if that's where you're going, but that sounds like to me, my posture, probably one possible way, I'm not saying it does, but how do you think about that? That's kind of exactly where I was going. Now, the government has basically stated in its brief that Simmons is limited to North Carolina because the North Carolina system is a mandate, whereas the federal guidelines are advisory. And I would argue that even advisory guidelines still have these certain procedural requirements or steps that you have to make before you can move forward. Now, the Simmons case reads, because the court never made, and this is for North Carolina, because that North Carolina court never made the required finding to expose Simmons to a higher sentence, the government cannot now rely on such finding to set the maximum term. Now, the rationale in Simmons, I would argue to this court, is universal. It is not limited to North Carolina because it teaches us that moving beyond a prescribed range is authorized only if proper conditions or procedural requirements are first satisfied. If you lay that down beside the federal guidelines, the rationale is the same. Well, I'm still having trouble understanding why that would be because the court here, even under the mandatory guidelines, would have the discretion to depart upward. Now, that departure would have to be justified, but the ability to depart upward is there. And that was not the case in Simmons because of the statute. So why is that not the distinction between this case and the Simmons posture? I think the distinction is this. When you state that the ability is there, my argument is, respectfully, the ability is not there unless you first go through certain procedures. And I believe that we first must look to see whether the procedures were followed. For example, But isn't the question whether the potential was there to depart upward? There was, the court had the ability to do so. Now, admittedly, it would have to jump through hoops to do it, but it could, whereas it has no ability to jump through hoops with respect to a statutory maximum. I do not believe that the potential being there is strong enough to make it a felony. Even potential, before you get to the potential, you must first, as you say, jump through the hoops, the procedural requirements. The potential is not authorized, or the actuality is not authorized, until the first steps are taken. For example, I would say if, let's say if my son asks me, Dad, can I go to the movies? And I state, yes, you can go to the movies if you first do your homework. And the question is, does he have authority to go to the movies? We must first look at the if. No, he doesn't have authority if the procedural requirements or the first steps are not met. But the guidelines language here looks at whether the offense was punishable, whether it could have been punished by more than one year. Isn't that correct? I mean, isn't that the response to your hypothetical? Yes, punishable is broken down in two words, punished and able. And I'm arguing that able equals authorization. You're not able if you're not authorized to do so. But the statute authorizes punishment up to five years. But you cannot get to that authorization without first going through the required steps. The rationale, I believe, in Simmons was you have to move outside of a range, whether you want to move up one month or one year. To move outside of that range, you cannot do it if you have not satisfied certain steps. And I would ask the court to see this the same way even in the federal system. Even if you can go up to one year, you cannot do it, Simmons says, with the North Carolina law. You cannot do it unless you have gone through certain steps. It's the exact same rationale. Now, the North Carolina guidelines may bring a defendant at six to eight months. But if the prosecutor gives notice of an aggravator, that six to eight months may go upwards of a year. In the federal system, the defendant may come in a guideline range of zero to six months. And if the court goes through the proper procedures and finds findings of facts to warrant an upward departure, then it may go upwards of a year. And I think, all in all, the rationale in Simmons requires the court to first, as the court said, jump through the hoops or make the procedural requirements before it has actual authority. And I'm about done with my time. But I'd ask the court to consider punishable. The ABLE card is equivalent to authority. If you don't have authority to punish, then it is not punishable. Thank you very much, Mr. Brown. And you have some time reserved for rebuttal. Thank you. May it please the court. Your Honor, has the district court properly overruled Mr. Bursiam Flores' objection to the offense level enhancement in this case? Because his prior conviction, that offense was punishable by at least five years in prison, by up to five years in prison, under the United States Code provision that he was convicted of. The difference is that in Simmons, under no set of facts was Jason Simmons punishable, could he have received a sentence of more than one year under the North Carolina Structured Sentencing Act. No set of facts at the time of his conviction would have enabled a judge to sentence that high. With Mr. Bursiam Flores, the time that he was convicted, at the time he pled guilty, he could have received, had the judge found a departure warranted, a sentence of more than one year in prison. And that is the difference. This court's decision in Simmons relied on its distinction between a guideline system as described in Rodriguez, and even specifically referred to a mandatory guideline system the court did in Rodriguez. And this court in Simmons had to distinguish between that. We argued that that was, that the North Carolina system was a guideline system, and this court in Simmons said no, it's a legislative mandate. There are no set of facts under which Mr. Simmons could have gotten more than a year. And the other decision that I would just mention is this court's decision in Kerr or Parr, I'm not sure how to pronounce that, that recognized that even where a North Carolina defendant is sentenced within the mitigated range, and the facts were ultimately found that put him in a range that limited the sentence of below a year, because at the time of his conviction he could have received a sentence of more than one year, it was still a term punishable by more than one year. So this court's decision in Simmons distinguished between a mandatory guideline system, as Mr. Bersion Flores was subject to when he was sentenced under the United States Sentencing Guideline, and the North Carolina Structured Sentencing Act, and that distinction makes all the difference in terms of the correctness of the district court's decision to overrule the 12-level enhancement in this case. Simmons, we said we don't look toward hypothetical aggravating factors. How does that work here? The difference is that what the court said in Simmons was we don't look at a hypothetical defendant, we don't look at what another defendant could receive. This defendant in this case, Mr. Bersion Flores, could have received a sentence of at least up to five years in prison. Under Section 5K2.0 of the guidelines at that time, the judge was authorized to impose a sentence of more than one year. What about the fact that the court said that it found no reason to depart upward from the guidelines? Your Honor, that doesn't make any difference, because it's not necessarily whether a judge does impose or finds reasons to impose a sentence, it's whether they're authorized legally under the statutory range that is established by the sentencing statute. In other words, the statute in North Carolina, it is a sentencing statute. In the United States Code, it's usually set forth in the prescription of the conduct itself. But either way, it's what the statutory maximum is. That's the term that establishes how much of a sentence can be imposed. So just because the judge didn't find the facts, and there are many post-Simmons cases in this court that recognize that just because a judge chooses not to sentence over one year doesn't mean that that term wasn't punishable as long as the legislative range, the range that Congress established, would permit a sentence of more than one year. But the Supreme Court often said that the guidelines had the force of law. They did. I mean, it's true. They have the force of law, but that doesn't mean that that range is established by a legislative mandate. So they had the force of law they had to be complied with. But even under the sentencing guidelines themselves, there was a guideline that permitted this judge, the sentencing judge in 1997, to sentence to more than one year in prison. The reason I ask is pre-Booker has the force of law, but also post-Booker, you have Rodriguez. And Rodriguez has been dealing with guidelines that are advisory. Does that matter? Well, Rodriguez actually was interpreting a California sentencing statute that was not so advisory. But it referenced the federal statute. It did, but in Rodriguez it referenced the mandatory section. It said, even if mandatory. So it's true that Rodriguez itself was decided when post-Booker at the time that these federal guidelines were advisory. But Rodriguez, in that particular case, was interpreting more of a mandatory system and explicitly referenced a mandatory guidelines system and said, the top of a mandatory guidelines range does not set the statutory maximum. What sets the statutory maximum is where the legislature sets it. And for Mr. Rodriguez, Mr. Bersian-Flores, that was five years. Mr. Bersian-Flores contends that to reach the statutory maximum required the existence of certain preconditions. Isn't he correct about that? It requires certain procedures, Your Honor. Procedures are not the same as a substantive range. So, for sure, the judge would have had to find facts to justify the upward departure. But under no procedure, in North Carolina, once a prosecutor charges an offense, a grand jury indicts, we know at that point, based on the prior record level of the defendant and whether or not aggravating facts have been charged in the indictment, what box that defendant is going to fall into in the sentencing grid in North Carolina. And the thing about Simmons, the problem with that case was no judge could go outside of that box, no matter what facts he found or what procedures were employed. So in this case, in the sentencing guidelines, the federal sentencing guidelines, there is no such box except for the top that is five years. And so the fact that the judge has to find facts is not a problem. And that was really this court's decision in Carr recognized, that even if a judge ultimately finds facts that puts a defendant in a lower box in the North Carolina grid, he was punishable at the time of conviction based on the higher range and the higher box, if that makes sense. What this court held in Simmons was, and we argued against it at the time, for sure, but what it held was that each class of felony essentially has 12 offenses. There were 12 offenses in the North Carolina sentencing grid based on each class of felony. And that was important because the court had to distinguish between that system and the sentencing guidelines, which provide a range, but only one top. If no facts existed for the public departure, is there really any opportunity for the judge to sentence above that range? Well, if no facts existed, then to some extent, no, but the question isn't whether he could for this defendant. It's what this offense that this defendant was convicted of was punishable by. It was still punishable by five years in prison based on the facts that the judge would ultimately find. And we're looking at the time of conviction, not the time that someone is sitting in the sentencing court and awaiting sentencing. It's when he pled guilty, when it was determined what that offense was punishable by. In this case, it was punishable by five years in prison, even if we could argue or he could assert that the facts of his offense wouldn't have justified an upward departure. The fact that an upward departure could have been imposed, and the Supreme Court's decision in Rodriguez makes this very clear. The fact that it could have been imposed is what sets the statutory maximum and takes it outside of the purview of Simmons. And so you argue that the guideline range is offense-specific, not defendant-specific? Yes, that's right, although I would agree that with respect to under Simmons, we have to look at what a particular defendant could possibly have received based on that offense, the conviction for that offense. So if there was a statutory system, as there was in Simmons, that changes how much a defendant can get based on a prior record, based on recidivism, then it becomes more defendant-specific because we have to look at his prior record level to know where the statutory maximum is, the legislative mandate. That's not true in the United States sentencing system. The prior criminal history is one of many factors that go into where that defendant falls in a guideline range. But even then, the judge has discretion to go upward. After Simmons, I think the critical question is, does the judge have discretion? The judge has discretion to go above a guideline range, any discretion whatsoever, under any set of facts, then Simmons does not apply because it's not a legislative mandate. It's a guidelines range, even if that guidelines range is mandatory, and that's what Rodriguez establishes. If Your Honors don't have further questions, please affirm the district court. Thank you. Mr. Brown? Thank you. Thank you, Your Honors. I just have, I guess, one last point. The Simmons rationale as it relates to North Carolina versus federal. North Carolina and federal both have what we call boxes, guidelines. They both have boxes. And Simmons stated that in North Carolina, there can be no movement beyond the box. No movement is authorized without required findings. If there are no findings, there is no movement. And you cannot have hypothetical situations to bring about these findings at a later date. That rationale, I believe, is not just limited to the state of North Carolina. I think the rationale of no movement without authority is universal. It's a compelling argument, but for Rodriguez, I mean, you have to address Rodriguez and the impact of that, even though it's a state statute that did reference the federal process. And I agree, Your Honor, but I would still go back to there is no authority without procedural requirements. The judge cannot move without first going through the procedural requirements. If the judge did not find, then there is no possibility. If the judge did not find certain facts, no possibility to upwardly depart, cannot move without certain findings. Thank you. If there are no further questions. Thank you very much. Mr. Brown, I note that you are court appointed, and the court would like to thank you for your service to the court and for your very able representation of your client. We appreciate it. Thank you. We will come down in Greek Council and proceed directly to the next case.
judges: Allyson K. Duncan, James A. Wynn, Jr., Stephanie D. Thacker